NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:08-CV-086-HRW

JONATHAN LEE RICHES                                                                                    PLAINTIFF

VS:                      **MEMORANDUM OPINION AND ORDER**

BARRETT GARESE, et al.                                                                              DEFENDANTS

\*\*\* \*\*\*\* \*\*\*\* \*\*\*

Jonathan Lee Riches, an individual incarcerated in the Williamsburg Federal Correctional Institution ("FCI"), in Salters, S.C., has submitted a *pro se* pleading which he has titled "Habeas Corpus Relief under 28 USC 2254 Inadequate conditions at FCI-Williamsburg," which consists of one handwritten paragraph making complaints about the conditions of his current incarceration. He did not, however, state his basis for placing jurisdiction and venue in the Eastern District or Kentucky; nor did he submit the District Court filing fee of $350.00 for a civil action.

Although Riches has not filed a lawsuit in this Court before, research has uncovered a pattern of these same tactics, with the prisoner-Plaintiff routinely sending pleadings to distant federal courts without explanation as to why he has filed there. In fact, he is well known in other United States courts throughout the country. Only a few months ago, the United States District Court for the District of Massachusetts noted that this prisoner had previously filed four civil actions which were "dismissed as patently frivolous." *Riches v. Lequire, et al.*, D. Mass. Case Nos. 4:2008-CV-40020 and -40021, Order of March 11, 2008. Further, Riches was "warned by this court that he could be


enjoined from filing actions in this jurisdiction if he persists in filing meritless claims.  He has also been warned that he could be subject to monetary sanctions." *Id.*

Nonetheless, Riches continued to file in that District Court, which noted, "Recently, Judge Samuel G. Wilson of the Western District of Virginia reported, 'The United States Court Pacer U.S. Party/Case Index [("PACER")] lists Riches as having filed more than 1030 actions in various courts, over 740 of which have been filed since January 1, 2008.' *Riches v. Various Defendants*, 2008 WL 509547, at *1 (W.D. Va. Feb. 22, 2008)."  Having concluded that Riches was an abusive litigant, the Massachusetts District Court dismissed his two most recent filings, both habeas proceedings, and enjoined him from future filings without the permission of the Court.

Meanwhile, the Plaintiff was branching out to other district courts.  Courts in the Sixth Circuit are among those confronted with the same abusive filings.  *See, e.g.*, *Riches v. Aguilera*, 2008 WL 324198 (E.D. Mich. 2008) (Of Plaintiff's litigiousness, the Magistrate Judge wrote that "to refer to Plaintiff as a frequent filer is a vast understatement."  The Court adopted the report and recommendation to dismiss the Section 1331 civil action, with prejudice, and enjoined Riches "from filing any civil complaints in this Court without proof of the Court's permission").

This Court has now become a target for Riches, who may have no connection with this State, as ignoring appropriate locations and proper jurisdictions are part of Riches' *modus operandi* in his other litigation across the country.  Perusal of PACER when Riches' two simultaneous filings in this Court arrived,[1] revealed that Riches has now filed a total of 1,825 civil cases and brought 197 civil

---

[1] On the same date that the instant pleadings were received by the Clerk of this Court, there was also a second set of filings, which the Clerk of the Court has set up as *Riches v. Hughes*, E.D.Ky. 0:08-CV-85-HRW.

appeals in the federal courts. The Court takes judicial notice of the total 2,023 cases which the instant Plaintiff has brought to the federal courts.

Congress has anticipated this type of prisoner and the burden such suits place on our courts, when it passed the Prison Litigation Reform Act of 1995 ("PLRA"). Effective April 26, 1996, one provision of the PLRA is as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). Since other courts have found that the instant would-be Plaintiff has had many more than three actions and appeals dismissed for one of the reasons stated in the statute while he has been incarcerated, Section 1915(g) bars Riches' filing of any additional lawsuits *in forma pauperis*, including this civil action. Rather, an abusive plaintiff must ordinarily pay the full $350 District Court filing fee for each federal lawsuit after the third dismissal.

Prospective orders denying *in forma pauperis* status to a *pro se* litigant and directing a clerk to return any submitted complaints and/or petitions unless accompanied by the appropriate filing fee have previously been permitted where a plaintiff has "demonstrated a 'history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . . .'" *Reneer v. Sewell*, 975 F.2d 258, 260 (6th Cir. 1992) (seventeen filings in district court were abusive) (citing *Maxberry v. Securities and Exchange Comm'n*, 879 F.2d 222, 224 (6th Cir. 1989) (finding nineteen appeals to be abuse of process)). *See also In re McDonald*, 489 U.S. 180 (1989).

However, Plaintiff Riches' dismissals for frivolousness or maliciousness are so numerous, so far beyond the three dismissals normally permitted under Section 1915(g), as to be beyond the pale. Riches' filings have put him in the category of being not merely a frequent litigant but an abuser of the judicial system. Litigants who abuse the judicial system are "not entitled to sue and appeal without paying the normal filing fees--indeed, *are not entitled to sue and appeal* period." *Free v. United States of America*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added); *see also Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989).

A court possesses inherent authority to sanction a party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44; 111 S. Ct. 2123, 2133-34 (1991). In carrying out its obligation to protect the orderly and expeditious administration of justice, the federal courts may issue injunctions to protect the integrity of the courts. *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985).

The issuance of an injunction has been found to be an appropriate remedy when a *pro se* litigant abuses the judicial process by submitting multiple frivolous and malicious filings. *In re Green*, 669 F.2d 779 (D.C. Cir. 1981). Both the number and the content of the filings bear on a determination of frivolousness or harassment. *In re Powell. In re Brown*, 851 F.2d 427, 271 U.S. App. D.C. 172 (D.C. Cir. 1988).

The courts may also impose Rule 11 sanctions upon a party who has a long litigious history amounting to an abuse of the judicial process. *Crooker v. United States Marshals Service*, 641 F. Supp. 1141 (D.D.C. 1986). These inherent powers even include the power to issue sentences for abuse of the judicial process. *In re Prevot*, 59 F.3d 556, 563-64 (6th Cir. 1995) (citing *Eash v. Riggins*, 757 F.2d 557, 561 (3d Cir. 1985) (en banc)).

Riches' filings are off the charts for frivolousness and abuse.  In the words of another Court, "No one, rich or poor, is entitled to abuse the judicial process." *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).  Accordingly, **IT IS ORDERED** as follows:

(1)     Jonathan Lee Riches' initial pleading herein [Record No. 2] is **CONSTRUED** as a civil Complaint pursuant to 28 U.S.C. § 1331, and it will be **DISMISSED** for failure to state a claim upon which the Court may grant relief and for its being vexatious; and

(2)     Plaintiff Jonathan Lee Riches is **ENJOINED** from filing any future civil actions in the United States District Court for the Eastern District of Kentucky, **UNLESS** he submits a Complaint, which is accompanied by *all* of the following: (a) the District Court filing fee or an allegation he is under imminent danger of serious physical injury; and (b) a statement as to his basis for jurisdiction and venue being in the Eastern District of Kentucky; and (c) evidence that Riches has obtained the permission of the Court for the filing; and (d) a copy of this Memorandum Opinion and Order.

This June 18, 2008.

Signed By:
Henry R Wilhoit Jr.
United States District Judge